## SUPERIOR FIRE INS. CO. v. LEAL.

No. 1320.

Court of Civil Appeals of Texas. Waco.
March 16, 1933.

Rehearing Denied April 13, 1933.

T. M. West and Nat Hardy, both of San Antonio, for appellant.

Ingrum & Smith and Ben S. Morris, all of San Antonio, for appellee.

ALEXANDER, Justice.

Lorenzo Leal sued the Superior Fire Insurance Company, Fred Collier, Rosa Lee Collier, and Albaugh-Wright Lumber Company, and alleged that on March 25, 1930, Fred Collier and Rosa Lee Collier executed and delivered to the plaintiff their note in the sum of $1,950, bearing 8 per cent. interest, providing for the usual 10 per cent. attorney's fees, and secured by a deed of trust and mechanic's lien contract on certain real property located in Airport City; that on March 26, 1930, Fred Collier executed and delivered to plaintiff another note in the sum of $100, bearing 8 per cent. interest, providing for the usual 10 per cent. attorney's fees, and secured by a lien on the same property; that on the 4th day of June, 1930, the defendant insurance company executed and delivered to Fred Collier its policy of insurance covering the building located on the front end of the lot in question, insuring said Collier against loss by fire in the sum of $2,000; that on the same day the insurance company executed and delivered to Fred Collier its policy in the sum of $1,500 insuring him against loss by fire on the building located on the rear end of said lot. Both of said buildings were under construction at the time the policies were issued. It was further alleged that the loss payable clause or mortgage clause in each of said policies was in favor of the plaintiff as his interest might appear. The plaintiff alleged failure to pay the notes, the destruction of the two houses by fire and the filing of proofs of loss, and sought to recover from the insurance company so much of the proceeds due under said insurance policies as would be sufficient to pay the amount of said notes, interest, and attorney's fees. It was

alleged that Fred Collier, Rosa Lee Collier, and the lumber company were claiming some interest in the proceeds due under said insurance policies. The trial before the court without a jury resulted in a judgment for the plaintiff against the insurance company, the material part of the judgment reading as follows: " * * * That the plaintiff, Lorenzo Leal, do have and recover of, and from the defendant Superior Fire Insurance Company the sum of Two Thousand Three Hundred Ninety-six and 43/100 Dollars ($2,396.-43), being the principal and interest due upon indebtedness of said Fred Collier secured by liens upon the property covered and insured by the fire insurance policies of the said defendant Superior Fire Insurance Company sued upon herein; and that said plaintiff, Lorenzo Leal, do have and recover of and from the said defendant Superior Fire Insurance Company the further amount of Two Hundred Thirty-nine and 64/100 Dollars ($239.64), being the attorney's fees provided for in the notes evidencing said indebtedness. * * * " The insurance company appealed.

The trial court did not file any findings of fact or conclusions of law. Only two witnesses, Fred Collier and the insurance adjuster, testified as to the amount of the loss. Collier testified that the building on the front of the lot, which was insured for $2,000, was a total loss, and that the damages to the building on the rear of the lot amounted to $300. The insurance adjuster estimated the damage to the building on the rear of the lot to be from eighty-five to one hundred dollars. If we assume that the court accepted the testimony of Collier as being correct, the insurance company was liable for a total loss of the building located on the front end of the lot in the sum of $2,000, and the sum of $300, that being the amount of the damage to the building on the rear end of the lot. In addition, the insurance company was liable for interest on said sum of $2,300 at 6 per cent. per annum from January 5, 1931, sixty days after filing proof of loss, to December 16, 1931, the date of the judgment, making the total amount of $2,434.16 as the extent of the insurance company's liability. The court rendered judgment for a total sum of $2,636.07. The judgment, therefore, is not supported by the evidence. If the trial court had filed findings of fact so that we could ascertain the amount of the loss sustained as the result of the fire, we could reverse and render the judgment for the correct amount, but, since the evidence was conflicting and no such findings were filed, we must reverse and remand the cause for another trial.

On the date the judgment was rendered, Collier was indebted to the appellee as principal and interest on the notes in question in the sum of $2,214.40. The appellee contends, and the trial court was evidently of the same opinion, that, since the total amount of the principal and interest due on Collier's indebtedness to appellee was within, or less than, the amount of the loss sustained under the two policies, the appellee was entitled to recover, in addition to the principal and interest due on said notes, the 10 per cent. attorney's fees provided for therein, even though the total of said indebtedness with the attorney's fees exceeded the amount of the loss sustained under the policies. In other words, appellee contends that his rights are fixed by the terms of the notes executed by Collier, and, since Collier was liable for attorney's fees upon his failure to pay the indebtedness, the insurance company is likewise liable for such attorney's fees even though the debt with the attorney's fees would exceed the damage caused by the fire. We cannot sustain this contention. The terms of the notes executed by Collier determined the extent of Collier's liability to the appellee, and, if such liability had not exceeded the full amount of the loss sustained under the policies, the appellee would have been entitled to recover the full amount of the principal, interest, and attorney's fees as provided in the note; but the terms of the policies determined the extent of the insurance company's liability thereunder. In no event could the insurance company be held liable for more than the amount which it agreed to pay under the policies, regardless of the terms of the agreement between Collier and appellee. It agreed to pay all direct loss or damage to the buildings by fire not exceeding the face value of the policies. The amount of damages caused by the fire fixed the maximum for which the company was liable, and its liability could not be enlarged by proof that Collier's indebtedness to appellee exceeded this amount. 26 C. J. 360; 14 R. C. L. 1367, § 536.

The judgment of the trial court is reversed, and the cause remanded for a new trial.